## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **WENCES CARDOSO ORTIZ and ISMAEL OSORIO-MACEDO, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown,** | **Case No. 16-cv-02891** |
| **Plaintiffs,** | |
| **v.** | |
| **KOJAK'S INCORPORATED, an Illinois corporation, d/b/a KOJAK'S, and CARRIE M. SCHUPPE, an individual,** | |
| **Defendants.** | |

## COMPLAINT

The Plaintiffs, Wences Cardoso Ortiz ("Cardoso Ortiz") and Ismael Osorio-Macedo ("Osorio-Macedo") (collectively, the "Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, and by and through their attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complain against Defendants, Kojak's Incorporated d/b/a Kojak's ("Kojak's") and Carrie M. Schuppe ("Schuppe"), as follows:

### Nature of the Suit

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") for Defendants' failure to pay Plaintiffs, and other similarly situated employees, their overtime pay. Plaintiffs, and other kitchen employees, worked more than 40 hours in individual workweeks and were not paid overtime compensation by Defendants. This case is brought as a collective action

under 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as representative parties are attached as Exhibit A.

**Jurisdiction and Venue**

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**The Parties**

4.      Plaintiff, Wences Cardoso Ortiz, was employed by the Defendants as a cook. Plaintiff worked for the Defendants during the last three years before the filing of this suit until approximately June 2015.

5.      During the course of his employment, Plaintiff Cardoso Ortiz regularly handled goods, including perishable food and food products, that moved in interstate commerce.

6.      Plaintiff Cardoso Ortiz resides in and is domiciled within this judicial district.

7.      Plaintiff, Ismael Osorio-Macedo, was employed by the Defendants as a cook. Plaintiff worked for the Defendants during the last three years before the filing of this suit until approximately May 2015.

8.      During the course of his employment, Plaintiff Osorio-Macedo regularly handled goods, including perishable food and food products, that moved in interstate commerce.

9.      Plaintiff Osorio-Macedo resides in and is domiciled within this judicial district.

10.     Defendant Kojak's is operated by Kojak's Incorporated, an Illinois corporation, and is doing business as Kojak's restaurant within this judicial district. The corporate officers and registered agent for Defendant Kojak's are also located within this judicial district.

11.     Upon information and belief, Defendant Schuppe is an owner of Defendant Kojak's.

12.     Defendant Schuppe hired and fired employees, supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage payment, and maintained employment records. In furtherance of these duties, Defendant Schuppe hired Plaintiffs, set their work schedules, and personally paid the Plaintiffs by check and in cash.

13.     Upon information and belief, Defendant Schuppe resides in and is domiciled within this judicial district.

**Common Allegations**

14.     Plaintiffs, and other cooks, were directed to work, and did work, more than 40 hours in individual workweeks.

15.     Defendants scheduled both Plaintiffs to work five (5) days per week during the restaurant's hours of operation from 10:00 a.m. to 9:00 p.m.

16.     Additionally, Plaintiffs regularly began working before 10:00 a.m. in order to prepare for the arrival of customers and after 9:00 p.m. in order to close the kitchen.

17.     Based on their work schedules and hours worked, Plaintiffs regularly worked more than 55 hours in individual workweeks.

18.     Defendants paid Plaintiffs on a weekly basis.

19.     Defendants paid Plaintiffs fixed sums on a weekly basis without regard to the actual number of hours they worked.

20.     Defendants paid fixed sums to Plaintiff Cardoso Ortiz on a weekly basis in the amounts of $390.00, $485.00, $530.00, and 600.00.

21.     Defendants paid fixed sums to Plaintiff Osorio-Macedo on a weekly basis in the amounts of $480.00 and $520.00.

22.     Defendants did not compensate Plaintiffs, and other kitchen employees, at one and one-half times their regular hourly rates of pay for hours worked in excess of 40 in individual workweeks.

23.     Defendants did not pay Plaintiffs, and other cooks, an overtime premium when they worked more than 40 hours in a workweek.

24.     Defendants initially paid all of Plaintiffs' wages in cash.

25.     Subsequently, during the last several months of their employment, Defendants paid Plaintiffs part of their wages by check and the remainder in cash.

26.     Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies.

27.     In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

28.     Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4, 820 ILCS § 105/9.

### COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

29.     Plaintiffs hereby incorporate paragraphs 1 through 28 as though stated herein.

30.     During the last three years before the filing of this suit, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

31.     During the course of Plaintiffs' employment, Defendants employed other cooks who were similarly not exempt from the overtime wage provisions of the FLSA.

32.     Under 29 U.S.C. § 207, for all weeks during which Plaintiffs and other non-exempt cooks worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

33.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

34.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants paid Plaintiffs' wages in cash to conceal Plaintiffs' hours worked and their own failure to pay overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies. Defendants further violated the Act's recordkeeping, notice and posting requirements.

**WHEREFORE**, the Plaintiffs, Wences Cardoso Ortiz and Ismael Osorio-Macedo, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Kojak's Incorporated d/b/a Kojak's and Carrie M. Schuppe, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

35. Plaintiffs hereby incorporate paragraphs 1 through 28 as though stated herein.

36. During the last three years before the filing of this suit, Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

37. During the course of Plaintiffs' employment, Defendants employed other cooks who were similarly not exempt from the overtime wage provisions of the IMWL.

38. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiffs and other non-exempt cooks worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

39. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Wences Cardoso Ortiz and Ismael Osorio-Macedo, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Kojak's Incorporated d/b/a Kojak's and Carrie M. Schuppe, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.   Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.   Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.   Such other and further relief as this Court deems appropriate and just.

Dated: March 7, 2016

Respectfully submitted,
Wences Cardoso Ortiz and Ismael Osorio-Macedo, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, Plaintiffs

/s/ Nicholas P. Cholis

_____
One of the Plaintiffs' Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiffs
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net